# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-0511 |
| v. | (JUDGE CAPUTO) |
| MID-ATLANTIC YOUTH SERVICES CORP., ROBERT J. POWELL, and GREGORY ZAPPALA | |
| Defendants, | |

## MEMORANDUM

Presently before the Court are a Motion for Judgment on the Pleadings by Defendants Mid-Atlantic Youth Services ("MAYS") and Gregory Zappala (Doc. 14), and a Cross Motion for Judgment on the Pleadings by Plaintiff General Star Indemnity Company, Inc., ("General Star") (Doc. 22). For the reasons discussed more fully below, Plaintiff's Motion will be granted and Defendant's Motion will be denied.

## BACKGROUND

In the instant case, Plaintiff General Star Indemnity Company, Inc., ("General Star") has filed a Complaint seeking a declaration that the Luzerne County Litigation that all three Defendants are involved in is not covered under Coverage A and the Professional Liability Coverage Part of Defendants' liability policies (Count I); that the 'Knowing Violation of Rights' Exclusion bars coverage for the Luzerne County Litigation under Coverage B of the policies (Count II); that the 'Criminal Acts' Exclusion bars coverage for the Luzerne County Litigation under the policies (Count III); that the coverage under the policies for the Luzerne County

Litigation is barred in whole or in part on other grounds (Count IV); and finally, that even if coverage is not barred, the Luzerne County Litigation is subject to a single policy limit under a single policy (Count V).

### A. The Underlying Case

The instant suit arises out of the following cases filed in the Middle District of Pennsylvania: *Wallace v. Powell*, No. 3:09-cv-0286, *Conway v. Conahan*, No. 3:09-cv-0291, *H.T. v. Ciavarella*, No. 3:09-cv-0357, and *Humanik v. Ciavarella*, No. 3:09-cv-0630. These suits have all been consolidated under civil action number 3:09-cv-0286 by this Court's Case Management Order of May 14, 2009. The factual background of the underlying consolidated case can be found in *Wallace v. Powell*, No. 3:09-cv-0286, 2009 WL 4051974 (M.D. Pa. Nov. 20, 2009). This opinion will only relate the facts necessary for an understanding of the current declaratory judgment suit.

There are two complaints in the underlying suit, the Master Individual Complaint ("MIC") and the Master Class Action Complaint ("MCAC"). The MIC alleges that MAYS was an entity responsible for operating juvenile detention facilities, that Powell is "an owner, officer, shareholder, and operator" of MAYS, and that Zappala also is "an owner, officer, shareholder, and operator" of MAYS. MAYS, Powell, and Zappala were part of a conspiracy in which two Luzerne County judges received kickbacks for maintaining a high rate of occupancy in the juvenile detention facilities run by Powell and managed by MAYS. As part of this conspiracy, the judges would often violate the civil rights of the juveniles appearing before them by denying them right to counsel and ensuring disproportionately large sentences, among other things. The MIC charges Powell, Zappala and MAYS with Violation

2

of the RICO Act (Count I), Conspiracy to Violate the RICO Act (Count II), Deprivation of Substantive and Procedural Due Process pursuant to 42 U.S.C. § 1983 (Count III), Deprivation of Rights Pursuant to 42 U.S.C. § 1983 (Count IV), Deprivation of Substantive Due Process pursuant to 42 U.S.C. § 1983 (Count V), Civil Conspiracy (Count VIII), and False Imprisonment (Count IX).

The MCAC alleges that Powell and Zappala were owners of MAYS. The factual allegations that make up the MCAC are, for the purposes of this Motion, very similar to those in the MIC. The claims against MAYS, Zappala, and Powell in the MCAC are Conspiracy to Violate Plaintiffs' Right to an Impartial Tribunal Guaranteed by the Fifth, Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983) (Count II), Conspiracy to Deprive Youth of Their Right to Counsel an/or Knowing, Intelligent, and Voluntary Guilty Plea in violation of the Fifth, Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983 (Count IV), Civil RICO Act violations pursuant to 18 U.S.C. § 1962© (Count V), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(b) (Count VI), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(d) (Count VII), and Wrongful Imprisonment (Count IX).

### B. The General Star Policy

MAYS had a Liability Insurance Policy with General Star that ran from May 24, 2005 until May 24, 2008. There are four policy sections that are potentially pertinent to this case. The first two are the "Bodily Injury and Property Damage Liability" in Coverage A and the Professional Liability Coverage, both of which provide that General Star "will have the right and duty to defend the insured" against any suit seeking damages for "bodily injury" or "property damage." Bodily injury is defined as "sickness disease, assault, battery, or mental anguish or 'damages' claimed by any person or organization for care, loss of services or

3

death resulting from any of these at any time." However the bodily injury coverage only applies if the "'bodily injury' . . . is caused by an "occurrence" that takes place in the 'coverage territory.'" Occurrence is defined as "[a]n accident, including continuous or repeated exposure to substantially the same general harmful conditions." Thus, in order for the coverage to apply, the bodily injury must have been the result of an accident.

Also at play is Coverage B, which provides coverage for "Personal and Advertising Injury Liability." This coverage gives General Star the right and duty to defend MAYS in suits that claim damages for "personal and advertising injury." For the purposes of this case, personal and advertising injury includes false arrest, detention or imprisonment and malicious prosecution. However, Coverage B excludes acts that are a "knowing violation of [the] rights of another." Under this policy exclusion, the insurance coverage does not apply to any "'personal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"

Finally, there is the so-called 'Criminal Acts' Exclusion found in Section V of the policies. This exclusion states that General Star:

> will not defend or pay for any "occurrence," "claim," including any injury, "damages," legal liability, "claims expense," loss, cost or expense, arising out of, resulting from, caused or contributed to by. . . [a]ny criminal, malicious, dishonest or fraudulent "act, error or omission" committed by or at the direction of the insured.

(Pl. Ex. K.)

### C. Procedural History

After the underlying suit was filed, MAYS provided General Star with notice of the suit and requested that General Star defend MAYS, Powell, and Zappala under the liability policies. General Star informed MAYS, Powell, and Zappala by letter that is was reserving all of its rights. General Star then informed them that General Star had determined that coverage for the Luzerne County Litigation was barred by the Criminal Acts Exclusion and other provisions of the policies. General Star then filed the instant suit for Declaratory Judgment on March 5, 2010. (Doc.1.) Defendants MAYS and Zappala then filed a Motion for Judgment on the Pleadings on June 7, 2010, (Doc. 14) and Plaintiff filed a Cross-Motion for Judgment on the Pleadings on July 7, 2010 (Doc. 22). The Motions have been fully briefed and are ripe for review.

## **LEGAL STANDARD**

Under Rule 12© of the Federal Rules of Civil Procedure, after the pleadings are closed, any party may move for judgment on the pleadings. A Rule 12© motion is designed to provide a means for disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. *See* CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367. A court should only grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be fully and fairly decided in this summary manner. *See id.* at § 1369.

In deciding a motion for judgment on the pleadings, a court must consider the

facts alleged in the pleadings and the inferences drawn from these facts in the light most favorable to the nonmoving party. *See Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery County,* 271 F.3d 140, 144-45 (3d Cir. 2001); *McCoy v. Southeastern Pa. Transp. Auth.,* No. 01-5881, 2002 WL 376913 at *1 (E.D. Pa. 2002). The motion may only be granted if there are no factual allegations in the pleadings which, if proven, would allow the nonmoving party to recover. *See Oxford Assocs.*, 271 F.3d at 144-45; *McCoy,* 2002 WL 376913 at *1.

## DISCUSSION

In cases that concern an insurer's duty to defend, the court must compare the coverage available under the policy with the factual allegations contained in the four corners of the underlying complaint. *Whole Enchilada, Inc. v. Travelers Property Casualty Co. of America*, 581 F. Supp.2d 677, 694 (W.D. Pa. 2008). The underlying complaints are the same as those considered both in this Court's Memorandum and Opinion of March 9, 2010 and in this Courts' Memorandum and Opinion of May 24, 2010 and the insurance policies are virtually identical to those considered in both Opinions as well.

### A. Coverage A and the Professional Liability Coverage

In *Nationwide Mutual Fire Ins. Co. v. Pipher*, 140 F.3d 222, 226 (3d Cir. 1998), the Third Circuit Court of Appeals held that whether the underlying injury for which the insured seeks defense is an accident "must be determined *from the perspective of the insured* and not from the viewpoint of the person who committed the injurious act." Thus, when the injury or damage is directly attributable to the intentional act of a third party as well as the negligence of the insured, it is an occurrence or accident that will require the insurer to

6

defend its insured. *Id.* at 228. The *Pipher* court held "that the insurer is obligated to defend under such policy . . . when the complaint alleges the insured's negligence." *Id*.

In *Pipher*, the Third Circuit Court of Appeals clarified lingering uncertainty that had been caused by a Pennsylvania state court case, *Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 548 A.2d 246 (1988). In *Gene's Restaurant*, the complaint alleged that the injured party was a patron in the defendant-insured's restaurant who had been violently assaulted, causing damages; notably, the complaint contained no allegations of negligence on the part of the insured. 548 A.2d at 247; *see also Pipher*, 140 F.3d at 224. The Third Circuit Court of Appeals "believe[d] the holding in *Gene's Restaurant* was narrow and predicated on the well-established rule of insurance law that an insurer's duty to defend an action brought against its insured is to be determined solely by the allegations contained in the plaintiff's pleadings." *Pipher*, 140 F.3d at 225. Therefore, because the complaint alleged only intentional acts and no allegations of negligence, "the *Gene's Restaurant* court came to the unremarkable conclusion that an intentional tort was not an accident and thus not a covered occurrence under the policy." *Id.*

In this Court's March 9, 2010 opinion in this case, it held that

This case is more like *Gene's Restaurant* than *Pipher*. There are no allegations of negligence against either MAYS or Powell. Instead, both the MIC and MCAC allege intentional conspiratorial activity on the part of the underlying defendants, including MAYS and Powell. The underlying complaints allege that MAYS and Powell were malicious, reckless, and/or wanton, but do not allege in any way that MAYS and Powell were negligent. Reckless, malicious, or purposeful conspiratorial activities are not "negligent" and cannot be considered "accidents" under the plain language of an occurrence-based insurance policy, like the one at bar.

*Colony Ins. Co. v. Mid-Atlantic Youth Services Corp.*, No. 3:09-CV-1773, 2010 WL 817703, at *5 (M.D. Pa. Mar. 9, 2010).

7

As noted above, the underlying complaints at issue have remained the same and the insurance policies are virtually identical and therefore this Court's reasoning from its previous opinions applies with equal force at this time. In fact, this Court has reenforced this reasoning in a subsequent case that relied on the March 9, 2010 opinion. *See London v. PA Child Care*, No. 3:09-CV-2256, 2010 WL 1507103, at *5 (M.D. Pa. Apr. 14, 2010) (holding other defendants in underlying case not covered under similar "occurrence" policy). The underlying complaints allege that both Defendant MAYS, Defendant Zappala, and Defendant Powell committed intentional acts, not that they were negligent. Thus, the allegations in the underlying complaints were not the result of an "occurrence" as defined by the policy at bar or the case law in this circuit. Therefore, Plaintiff does not have a duty to defend its insured in this instance. Plaintiff's Motion will be granted and Defendants' Motion will be denied on this ground.

### B. Coverage B

With respect to Coverage B, this Court held in its March 9, 2009 opinion that:

> Even reading the knowing violation exclusion strictly against Colony, the underlying complaints clearly allege that MAYS and Powell were part of a conspiracy in which they committed false imprisonment of the underlying plaintiff (sic) with the knowledge that their detention had been procured by violating the constitutional rights of the plaintiffs. It is alleged that MAYS and Powell knew of these deprivations because it was part of the scheme, funded by their kickbacks, to facilitate detention of the juveniles in the facilities owned by Powell and managed by MAYS. Even though the MIC and MCAC make out claims for false imprisonment that would otherwise fall under the protection of Coverage B, the alleged knowing violation of the underlying plaintiffs' rights trigger the "knowing violation" exclusion and strip Colony of its duty to defend against the allegations in the underlying complaints.

*Colony*, 2010 WL 817703, at *6 (M.D. Pa. Mar. 9, 2010).

In this case, the underlying complaints allege that the false imprisonment engaged

8

in by Defendants MAYS, Zappala and Powell was done with the knowledge that their actions were violating the constitutional rights of the underlying plaintiffs. As such, the facts alleged in the underlying lawsuit fall within the "knowing violation" exclusion to Coverage B, and General Star does not have a duty to defend Defendants MAYS, Zappala, or Powell. Therefore, Plaintiff's Motion will be granted and Defendant's Motion will be denied on this ground as well.

### C. Criminal Acts Exclusion

Defendants are also excluded from coverage owing to the Criminal Acts Exclusion. This Exclusion states that:

> will not defend or pay for any "occurrence," "claim," including any injury, "damages," legal liability, "claims expense," loss, cost or expense, arising out of, resulting from, caused or contributed to by. . . [a]ny criminal, malicious, dishonest or fraudulent "act, error or omission" committed by or at the direction of any Insured.

(Pl. Ex. K.)

Courts in Pennsylvania have broadly applied these exclusions to both criminally liable parties and non-criminal co-insureds in cases where the "any insured" language has been found, as it is in the exclusion here. *See Donegal Mutual Insurance Co. v. Bauhammers*, 893 A.2d 797 (Pa. Super. 2006).

The underlying suits are based on a judicial kickback scheme masterminded by Defendant Powell. As a result, his criminal conduct, as an insured, means that the Criminal Act Exclusion precludes coverage for all Defendants.

### D. Duty to Indemnify

Because the duty to indemnify is narrower than the duty to defend, it follows that any time there is no duty to defend, there is no duty to indemnify. *See Lucker Mfg. v. Home Ins.*

9

*Co.*, 23 F.3d 808, 821 (3d Cir. 1994). Therefore, as this Court holds that General Star does not have a duty to defend in the underlying suit, it likewise does not have a duty to indemnify. Plaintiff's Motion will be granted on this count and Defendants MAYS' and Zappala's Motion will be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants MAYS' and Zappala's Motion for Judgment on the Pleadings will be denied and Plaintiff's Motion for Judgment on the Pleadings will be granted. An appropriate order follows.

| | |
|---|---|
|   9/27/10   | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-0511 |
| v. | (JUDGE CAPUTO) |
| MID-ATLANTIC YOUTH SERVICES, INC., ROBERT POWELL and GREGORY ZAPPALA, | |
| Defendants. | |

## ORDER

**NOW**, this ___27th___ day of September, 2010, **IT IS HEREBY ORDERED** that:

(1) Defendants MAYS' and Zappala's Motion for Judgment on the Pleadings (Doc. 14) is **DENIED**.

(2) Plaintiff's Cross-Motion for Judgment on the Pleadings (Doc. 22) is **GRANTED**.

(3) **JUDGMENT IS ENTERED** in favor of Plaintiff.

(4) The Clerk of Court shall mark this case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge