# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-0511 |
| v. | (JUDGE CAPUTO) |
| MID-ATLANTIC YOUTH SERVICES CORP., ROBERT J. POWELL, and GREGORY ZAPPALA | |
| Defendants, | |

## MEMORANDUM

Presently before the Court is Defendant Robert Powell's Motion for Reconsideration or Correction of the Court's Opinion. (Doc. 30.) For the reasons discussed below, Defendant's Motion will be denied.

## BACKGROUND

In the instant case, Plaintiff General Star Indemnity Company, Inc., ("General Star") filed a Complaint seeking a declaration that the Luzerne County Litigation in which all three Defendants are involved is not covered under Coverage A and the Professional Liability Coverage Part of Defendants' liability policies (Count I); that the 'Knowing Violation of Rights' Exclusion bars coverage for the Luzerne County Litigation under Coverage B of the policies (Count II); that the 'Criminal Acts' Exclusion bars coverage for the Luzerne County Litigation under the policies (Count III); that the coverage under the policies for the Luzerne County Litigation is barred in whole or in part on other grounds (Count IV); and finally, that even if coverage is not barred, the Luzerne County Litigation is subject to a single policy limit under a single policy (Count V).

After the underlying suit was filed, Mid-Atlantic Youth Services ("MAYS") provided General Star with notice of the suit and requested that General Star defend MAYS, Powell, and Zappala under the liability policies. General Star informed MAYS, Powell, and Zappala by letter that is was reserving all of its rights. General Star then informed them that General Star had determined that coverage for the Luzerne County Litigation was barred by the Criminal Acts Exclusion and other provisions of the policies. General Star then filed the instant suit for Declaratory Judgment on March 5, 2010 (Doc.1), and an Amended Complaint was filed on March 22, 2010 (Doc. 6). Defendants MAYS and Zappala then filed a Motion for Judgment on the Pleadings on June 7, 2010. (Doc. 14.) Defendant Powell filed an Answer to the Amended Complaint on June 21, 2010. (Doc. 17.) Plaintiff then filed a Cross-Motion for Judgment on the Pleadings on July 7, 2010 (Doc. 22). On September 27, 2010, the Court issued an Order in which it denied Defendants MAYS' and Zappala's Motion for Judgment on the Pleadings and granted Plaintiff's Motion for Judgment on the Pleadings. (Doc. 29.) Defendant Powell then filed a Motion for Reconsideration on October 12, 2010. (Doc. 30.) The Motion has been fully briefed and is ripe for review.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not

2

available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Defendant's Motion for Reconsideration fails because it does not meet the legal standard required for it to be granted. Defendant offers two reasons for reconsideration of the Court's ruling on Plaintiff's Motion for Judgment on the Pleadings: (1) the Court's Memorandum Opinion failed to discuss Defendant's Answer; and (2) the Court's use of the term "mastermind" demonstrates that the Court misapprehended the record. Neither argument provides a sufficient basis for the Court to grant Defendant's Motion for Reconsideration.

As stated above, to succeed on a Motion for Reconsideration, the moving party essentially must show: (1) a change in the law; (2) a change in the facts (new evidence); or (3) clear error on the part of the Court.

Both of Defendant's claims turn on his demonstrating a clear error on the part of the

Court. Regarding Defendant's first claim, Defendant contends that the Court failed to discuss Defendant's Answer in the Court's Memorandum Opinion and therefore did not properly apply the standard for review under Fed. R. Civ. P. 12(c), which requires a court to consider the facts alleged in the pleadings and the inferences drawn from these facts in the light most favorable to the nonmoving party. *See Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery County,* 271 F.3d 140, 144-45 (3d Cir. 2001). While the Court acknowledges it did not mention the fact that the Defendant filed an Answer in its Memorandum Opinion, the Court did review Defendant's Answer and referred to arguments made in both parties' Briefs based on Defendant's Answer. The reason that more was not made of Defendant's factual claims in the Court's Memorandum Opinion is that the duty to defend, the central issue in the Memorandum, hinges on the factual allegations in the underlying *complaint*, *C.H. Heist Caribe Corp. v. Am. Home Assurance Co.*, 640 F.2d 479, 483 (3d Cir. 1980), not in the Defendant's Answer in the action. As the Court noted in its Opinion, the underlying suits allege an ongoing scheme among the Defendants to violate Plaintiffs' constitutional rights for the sake of generating business for the juvenile center owned by Defendant Powell. While Defendant does point to a handful of instances where negligence-type language is employed in the underlying complaints, it is again the *factual* allegations, and not the legal theories, that determine whether or not coverage is triggered. *See Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999). Defendant raised the same arguments in his Brief opposing Plaintiff's Motion for Judgment on the Pleadings, and, as previously noted, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588,

606 (M.D. Pa. 2002).

Defendant's second argument is that the Court's statement in its Memorandum Opinion that Defendant was one of the "masterminds" of the conspiracy alleged in the underlying complaints demonstrates that the Court improperly relied on Plaintiff's Briefs in formulating its decision. However, the Court's use of this term is irrelevant to the issue of whether or not the Plaintiff had a duty to defend Defendant Powell. That determination, as Pennsylvania state law dictates, was solely based on the terms of the indemnity policy and the factual allegations of the underlying complaints. The Court will, nevertheless, strike its use of this term.

## **CONCLUSION**

For the reasons detailed above, the Court will deny Defendant's Motion for Reconsideration (Doc. 30) but will strike its use of the term "mastermind" with regard to Defendant in its prior Opinion (Doc. 29). An appropriate order follows.


| | |
|---|---|
| 11/30/10 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-0511 |
| v. | (JUDGE CAPUTO) |
| MID-ATLANTIC YOUTH SERVICES CORP., ROBERT J. POWELL, and GREGORY ZAPPALA | |
| Defendants, | |

## ORDER

**NOW**, this ___30th___ day of November, 2010, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (Doc. 30) is **DENIED** and that the Court's reference to Defendant as a "mastermind" in its prior Opinion (Doc. 29) is **STRICKEN**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge